# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,       :       Case No. 3:04-cr-191
                                            Also Civil Case No. 3:08-cv-442

                                            District Judge Thomas M. Rose
    -vs-                                  Magistrate Judge Michael R. Merz
                                        :

ANDRE D. GRANT,

      Defendant.

---

## REPORT AND RECOMMENDATIONS ON REQUEST FOR JAIL TIME CREDIT

---

This case is before the Court on Defendant's Motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. No. 230). As part of that Motion, Defendant seeks immediate attention to his request for jail time credit. He argues that he should be credited with time spent in the Montgomery County Jail from January 19, 2005, until his federal sentencing on April 5, 2006.

However, this claim has already been presented to and denied by Judge Rose, who determined that Defendant came into federal custody on January 19, 2005, but was transferred back to state custody on January 26, 2005. When Defendant received his sixty-month federal sentence on April 5, 2006, he still had ten months left on his state sentence and Judge Rose ordered that his federal sentence run concurrent with the balance of his state sentence. Judge Rose also ordered that he be given credit for the seven days jail time he was temporarily in federal custody.

In his present Motion, Defendant gives no new reason why Judge Rose's prior Decision

should be reconsidered. It is therefore recommended that the portion of the § 2255 Motion seeking jail time credit from January 25, 2005, through April 5, 2006, be denied.

December 3, 2008.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).